## CLARK v. LEWIS.

Where in consideration that an officer delivered to the defendant on his request a debtor taken by execution; the defendant promised in writing, to keep and redeliver him within the life of the execution, or pay the debt; the promise is binding.

ERROR to reverse a judgment of the County Court, in an action Clark v. Lewis, declaring that on the 26th of October A. D. 1789 he was a deputy sheriff, and had in his hands to serve an execution in favor of Jonathan Burral against Ezekiel Lewis, for £12 10s. 3d. lawful money debt and cost, granted by the County Court, dated the 22d of September A. D. 1789, and returnable in sixty days — which execution the plaintiff for want of estate had levied on the body of said Ezekiel, and was about to commit him to gaol; and the defendant applied to the plaintiff and requested that he would deliver the said Ezekiel to him to keep, and redeliver on the 20th of November then next: and the plaintiff upon the request of the defendant delivered the said Ezekiel to him as aforesaid; and the defendant thereupon and in consideration thereof, made and executed to the plaintiff a certain writing, dated October 26th A. D. 1789, wherein and whereby, the defendant promised the plaintiff to deliver to him the said Ezekiel, at the county gaol in Litchfield, on the 20th day of November then next; and on failure thereof, to pay the plaintiff the contents of said execution with interest and his fees; that the defendant did not

deliver said Ezekiel, nor hath he paid said execution, etc.  To this declaration the defendant demurs specially, 1st. Because the plaintiff has set forth no judgment on which said execution issued.  2d, That there is no profert of the writing declared upon.  3d, That the breach is not well and sufficiently set forth.  4th, That the consideration of said undertaking is illegal, it being for the escape of a prisoner in execution.  5th, The thing to be performed by the defendant is directly contrary to law.  Judgment in the County Court, that the declaration is insufficient.

General error assigned; and judgment — That there is manifest error in the judgment complained of.

By the COURT.  The plaintiff in this case, need only to have set forth his being a legal officer, and the writ of execution which he had, the levy and the writing.  The profert of the writing has long since been settled, in this court and in the Supreme Court of Errors to be unnecessary.  The breach is well enough assigned.  For no writ of execution may by law be made returnable in a shorter time than sixty days — that the debtor may have time to raise the money — and the officer, although he may levy the execution immediately for his own indemnity or for the security of the debt, yet he is not obliged to do it.  For the creditor cannot call upon him until after the return day of the execution, if he then has the money or the body in gaol, he has done his duty.  It was lawful for the plaintiff, after he had levied upon the body of said Ezekiel, to deliver him to the defendant to hold, and to return any time within the life of the execution — his doing this upon the request of the defendant, is a good consideration to bind the defendant to perform his engagement — and the thing to be performed was lawful and right, and cannot in any sense be considered as illegal.  And this writing is nothing more than a conditional security for the payment of the execution.